In the Matter of the Final Inventory and Account of MABEL LINDSAY, Committee of the Estate of CLEVELAND LINDSAY, an Incompetent Person.

Supreme Court, New York County, October 31, 1927.

**Insane persons — court may approve past expenditures and acts of committee without appointment of special guardian — Civil Practice Act, § 1381, not applicable.**

There is no provision of statute compelling the appointment of a special guardian on a motion to obtain judicial approval of past expenditures or acts of a committee of an incompetent person and such practice, therefore, is one to be discouraged as tending to circumvent the requirement of section 1381 of the Civil Practice Act, that the incompetent be represented by a special guardian on all intermediate and final accountings.

The court may, however, exercise its discretion in favor of granting an order for the approval of past acts or expenditures, and it cannot be said that such an order is invalid or void.

MOTION to confirm report of official referee. Objection by special guardian to allowance of certain items of account.

*Maurice Bloch*, special guardian, for the motion.

*William J. McArthur*, for the United States Fidelity and Guaranty Company.

*Saul Adelman*, for the removed committee.

*James A. Clark*, for United States Veterans Bureau.

*Reginald Fields*, substituted committee.

FRANKENTHALER, J. On this motion to confirm the report of the official referee, the special guardian objects to the allowance of items 1, 2, 4 and 5 of the account. The expenditure of the moneys covered by these items was, however, approved by a previous order of this court. The special guardian contends that this order was invalid because the incompetent was not represented at the time by a special guardian, citing section 1381 of the Civil Practice Act. The provisions of that section, however, deal with intermediate and final accountings of the committee initiated in the manner specifically prescribed by subdivisions 1 and 8. It is true that a motion for the approval of past expenditures on the part of the committee in a sense usurps the function of a proceeding for an intermediate or final accounting since by pursuing that method it might be possible to obtain approval of all the committee's acts after the event. There is no provision compelling the appointment of a special guardian on a motion to obtain judicial approval of a past expenditure or act of a committee, and the practice referred to is, therefore, one to be discouraged as tending to circumvent the requirement that the incompetent be represented by a special guardian on all intermediate and final accountings. Occasions may, however, arise which call for the exercise of the court's discretion in favor of granting an order for the approval of past acts or expenditures. It cannot be said that such an order is invalid or void. It follows that the objections to items 1, 2, 4 and 5 must be overruled. I cannot say that I disagree with the learned referee as to those items with reference to which he has sustained the special guardian's objections. The removed committee will, therefore, be surcharged to the extent of the total of those items, amounting to $584.13, together with the cost of the removal proceedings, consisting of the disbursements of Referee Rayher, a reasonable allowance for the special guardian herein and for the attorney of the removed committee. (*Matter of Hidden*, 243 N. Y. 499.) The motion to confirm is granted. Settle order on notice.