In the Matter of the Accounting of SAMUEL TABACK, as Committee of the Estate of FREDA TABACK, an Incompetent Person.

Supreme Court, Special Term, Bronx County, August 4, 1951.

*Samuel List* for committee of incompetent.

*Nathaniel L. Goldstein, Attorney-General* (*Norman M. Beck* of counsel), for Rockland State Hospital.

MATTHEW M. LEVY, J. This is an application ex parte to permit the committee of an incompetent to file his final account and to dispense with the appointment of a special guardian who would normally protect the rights and interests of the incompetent. It appears that the estate is quite small, being less than $1,400.

Section 1381 of the Civil Practice Act provides for intermediate and final accountings by the committee of an incompetent person. Subdivision 8 provides that: " The judicial settlement

of the final account of a committee shall be made in the same manner, so far as may be applicable, as provided in this section for the judicial settlement of an intermediate account. ''

Referring back to subdivision 1, which applies to intermediate accounts, the procedure to be followed is outlined as follows: '' The committee may apply to the court making the appointment for an order to permit him to render to such court an intermediate judicial account of all his proceedings affecting the property of the incompetent person to the date of the filing thereof. And the court upon examination, in its discretion, may make an order directing that such account be filed with the clerk of the court where the application is made, on or before the date determined by the order. ''

Then subdivision 5 comes into play, and it expressly provides that: '' The court shall have power and *it shall be its duty* to appoint a suitable person as special guardian of the incompetent person for the protection of his rights and interests in said proceeding. '' (Italics supplied.)

The present motion is not one for the approval of past expenditures, as in *Matter of Lindsay* (130 Misc. 892) (which is a procedure to be discouraged in any event). It is an application by a committee for leave to render his final judicial account, and the regulatory provisions enacted by the Legislature require the appointment of a special guardian. The language of the applicable subdivision seems to permit of no discretion in the matter.

Even if discretion were permissible, it should not be exercised in the instant case in favor of the application in view of the fact that expenditures appear to have been made without permission of the court. These disbursements include fees to the attorney for the committee, who received such payment without court order and who has not supported the charge with an affidavit or proof of services.

Under the circumstances I shall grant leave to the committee to file his account and direct that notice be given to all interested parties, including a special guardian whom I shall appoint, and who, because of the size of the estate, will be expected to render the necessary services as an arm of the court for little or no compensation.

Submit an order accordingly.